**Petition for Naturalization of Edward Nee YARNIE.**

**Immigration No. A20121957.**

United States District Court, S.D. New York.

June 16, 1983.

---

Jay Scott Blackman, Asst. Chief Legal Officer, S.D.N.Y., New York City, for the government.

Edelman & Aronowitz, New York City, for petitioner.

LASKER, District Judge.

Edward Nee Yarnie petitions for naturalization pursuant to Section 329 of the Immigration and Nationality Act, 8 U.S.C. § 1440(a). Section 329 provides for the naturalization of aliens who served in the armed forces of the United States during specific periods and were separated from the service under honorable conditions.

This is Yarnie's second application for naturalization. The first was denied by the Superior Court of Massachusetts on April 23, 1979 on the grounds that Yarnie's service was not service in the United States armed forces and that his discharge was not honorable as a matter of law.

Yarnie contends that the Massachusetts court erred in its determination. The Immigration and Naturalization Service argues that the decision of the Massachusetts court bars the present application on grounds of res judicata.

■ The doctrine of res judicata is applicable in naturalization proceedings. An unsuccessful applicant for naturalization may renew his application if he can demonstrate that he has become eligible for naturalization since the time that his prior petition was rejected; however, repeated applications, in the absence of changes in fact or law, are barred. See 3 C. Gordon & H. Rosenfield, Immigration Law and Procedure § 16.12 at 16–65, 16–66.

■ Yarnie does not contend that there have been any intervening changes in fact or law since the denial of his previous application. He argues instead that the Massachusetts decision was procured by fraud because counsel for the Immigration and Naturalization Service failed to bring to the attention of the Massachusetts court that there was authority supporting Yarnie's position. The argument is without merit. Yarnie was represented by counsel before the Massachusetts court, and whatever the obligations of opposing counsel to advise the court of adverse precedent, their failure to do so does not constitute fraud such as to relieve a party from the res judicata effect of a judgment. Nor is there any merit to Yarnie's contention that his opposing counsel was required to present to the court the Attorney General's recommendation regarding the petition under 8 U.S.C. § 1446, there being no showing that the Attorney General made any recommendation.

We draw no conclusions as to whether the ruling of the Massachusetts court was correct, nor do we consider the question whether that decision or this one would amount to collateral estoppel against Yarnie in any possible deportation action. See Title v. Immigration and Naturalization Service, 322 F.2d 21 (9th Cir.1963) (holding doctrine of collateral estoppel inapplicable in deportation proceedings on grounds that deportation is an extremely serious penalty, similar in nature to a criminal proceeding, and that "meticulous care" and fairness in such procedures are therefore appropriate).

While the doctrine of res judicata is flexible and ought not be woodenly applied where inappropriate in light of relevant policy considerations, see Mitchell v. National Broadcasting Co., 553 F.2d 265 (2d Cir.1977), no showing has been made that any such considerations suggest that it should not be applied here, where a prior naturalization petition, presenting identical legal and factual questions, has been denied.

We recognize that Yarnie performed valuable military service, which, the record reflects, was deemed creditable by his superiors (see Record of Preliminary Examination conducted May 30, 1978 at 11, exhibit I to Immigration and Naturalization Service submission at 59), and, moreover, that there is precedent in support of his interpretation of Section 329. See In re Watson, 502 F.Supp. 145 (D.D.C.1980). However, on the narrow question presented, the res judicata effect of the denial of a naturalization peti-

tion, those factors, significant though they are, do not alter the result.

The petition for naturalization is denied.

It is so ordered.